## PRUITT *v.* COX.

SEDUCTION—PLEADING.—In an action by the father against the seducer of his daughter, to recover damages, the basis of his recovery must be the loss of her service, his injured feelings, &c., and in such action, a former recovery by the daughter, in an action in her own name against her seducer, can not be pleaded in mitigation.

INSTRUCTIONS TO JURY.—In such action, where both the daughter and her alleged seducer testify and directly contradict each other, and there is testimony tending to sustain the daughter, it is error, as tending to mislead the jury, for the Court to instruct the latter, that "as to the main fact of sexual intercourse, the daughter affirms it and the defendant denies it, and if the two seem equally to claim your credence, you can not, in such case, find for the plaintiff, because, as to that fact, which is radical in the case, there is no preponderance for the plaintiff."

EVIDENCE OF CHARACTER. — Mere contradiction among witnesses examined in Court supplies no ground for admitting evidence of general character.

PLEADING.—A pleading based upon the proceedings and judgment of a Court will be demurrable, unless it be accompanied by a transcript of the record.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—Appellant sued appellee for the seduction of his daughter. Answer: first, in denial; second, in mitigation, that the daughter had already sued and recovered 75 dollars for the same seduction. Demurrer to the second paragraph overruled. Trial and judgment for the defendant. Rulings on the demurrer, on the admission of evidence, and in instructing the jury, are objected to as erroneous.

As to the demurrer, there is no doubt it was well taken, because the paragraph of the answer was based upon the proceedings and judgment of a Court and a transcript of the record was not filed. But on the main point, to-wit: whether

Pruitt *v.* Cox.

such recovery could be set up in mitigation, we are of opinion that it could not. Whatever the parent might recover would be for the loss of services, wounded feelings, &c, *Shattuck* v. *Myers,* 13 Ind. 52, and would go to his own use. That which might have been recovered by the female seduced was for her use, and in which the father could have no direct interest, and over which he had no control.

There was a direct conflict in the testimony of the female, who it was alleged had been seduced, and the defendant, who were both witnesses, as to the fact of carnal intercourse having taken place. Beyond this conflict there was no impeachment of the character of either for truth; no evidence attacking the general character for veracity. The defendant offered, under these circumstances, several witnesses to sustain his general character for truth and veracity. The Court, over the defendant's objection, admitted the evidence. This was erroneous. "Mere contradiction among witnesses examined in Court, supplies no ground for admitting evidence of general character." 1 Greenleaf, sec. 469, and authorities cited. Whether this rule is founded on reason or not, it is assuredly in convenience. For if, in the multiplicity of contradictions daily occurring, each witness was permitted to bring in other witnesses to sustain his general character—and they, contradicting each other, should be permitted to bring in others, the whole time of our courts would be taken up in hearing these side questions, until the matters originally in litigation would be almost lost sight of, to the great detriment of suitors.

The Court instructed the jury correctly that the case, being a civil suit, should be decided on the weight of evidence; and that, if the evidence was evenly balanced, the plaintiff could not recover; but afterwards said to them : " As to the main fact of sexual interecourse, the daughter swears to this fact, and the defendant denies it; if these two witnesses, as

Pruitt *v.* Cox.

they stand before you, seem equally to claim your credence, you can not in such a case find for the plaintiff, because, as to that fact, which is radical in the case, there is no preponderance for the plaintiff."

This instruction appears to assume that there was no other evidence, either positive or circumstantial, tending to establish this fact. The female had testified that several acts of copulation had taken place, at divers times, in the month of *June*, 1860, at the barn of defendant, where she daily went to milk and feed a cow, she being then hired to defendant. The defendant directly contradicted this, and stated that he "was not alone with her at the barn at any time in the year 1860, unless she was passing round when I was there. Did not remember of ever going into the barn with her."

One *Ballard* testified that he was "at work for the defendant in *May*, 1860, between the house and barn; saw her and defendant together several times at the barn, where she went to milk the cows. The defendant would sometimes go in before her and sometimes just after. Saw her go there one time about ten o'clock, A. M., after potatoes, and defendant followed then."

The existence of this testimony seems to have been ignored by the Court in the instructions; although the record shows that the defendant had attacked the general reputation of said *Ballard* for truth by several witnesses.

It appears to us the instruction had a tendency to, and perhaps did, mislead the jury.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Giltner, Nave & Witherow,* for the appellant.

*L. M. Campbell,* for the appellee.