FELKNER v. SCARLET.

SEDUCTION.—DAMAGES.—Suit by a mother for the seduction of her minor daughter. The evidence showed that the daughter, when about fifteen years of age, went to live with the defendant, who was a married man, as a member of his family, and that while thus living in the family she

was seduced by him. The jury assessed the plaintiff's damages at $500, and it was held that the damages were not excessive.

SAME.—LOSS OF SERVICE.—It is not necessary, under our statute, to authorize a recovery by the parent for the seduction of a minor daughter, that the daughter should have been in the service of the parent, or that any loss of service should be shown.

SAME.—INJURY TO FEELINGS.—The jury may, in such case, award compensation for the injury to the feelings of the parent, and for the dishonor cast upon the family.

INSTRUCTIONS.—HARMLESS ERROR.—Where an instruction given to the jury is erroneous, because of its not being applicable to the evidence, the error will not be available if it clearly appears that no harm could have resulted to the appellant.

APPEAL from the *Orange* Common Pleas.

ELLIOTT, J.—Suit by *Lucinda Scarlett* against *Felkner*, the appellant, for the seduction of her unmarried minor daughter, *Elizabeth Scarlett*, whose father was deceased.

Answer by the general denial. A trial by jury resulted in a verdict for the plaintiff for five hundred dollars. The defendant interposed a motion for a new trial, which was overruled, and a judgment rendered on the verdict.

The paper filed by the appellant as an abstract is, in no manner, a compliance with the tenth rule of this court. It does not state the substance of any part of the record, or give any information as to its contents. It does not possess even the merit of an index to such portions of the record as relate to the questions intended to be raised. But as the appellee's counsel has furnished us with a proper abstract of so much of the record as is necessary to a proper understanding of the questions discussed by the appellant's counsel, we have examined them, and, without looking to the objections urged against the sufficiency of the assignment of errors, will proceed to dispose of them.

One of the reasons filed for a new trial is, that the damages are excessive. We do not think so. The evidence shows that the plaintiff, by the death of her husband, was left with a number of infant children, and without the necessary means to provide for their proper support. Her daughter *Elizabeth*, then about fifteen years of age, was permitted to

go and live with the appellant, who was a married man, as a member of his family; and after she had thus lived with him over two years, he seduced her, whereby she became the mother of a bastard child. After her pregnancy became apparent he sent her to her uncle's to live. It is true, he denied the seduction and sexual intercourse, under oath, but the jury found against him. It further appeared by the evidence that up to the time her pregnancy became known, she maintained a good reputation in the neighborhood. Under such circumstances, the appellant should have been her guardian, adviser and protector, instead of her seducer, and if guilty, as found by the jury, he certainly has no cause to complain that the damages are excessive.

The following instructions, given by the court to the jury, are claimed to be erroneous, viz:

"2. In an action by the mother for the seduction and debauching of her minor unmarried daughter, whose father is dead, it is not necessary for the plaintiff to establish on the trial that the daughter was either living with her, or in her service, or that the plaintiff sustained any loss of service.

"3. If the jury believe, from the evidence given in this cause, that the defendant seduced the plaintiff's daughter *Elizabeth*; that said *Elizabeth*, at and before the time of said seduction, was a virtuous and chaste woman, then you will be authorized to find for the plaintiff; and, in that case, in assessing her damages, you can take into consideration every circumstance of the act by which the peace of mind and individual happinesss of the plaintiff is affected, but the damages cannot exceed the amount stated in the complaint.

"5. If the jury believe, from the evidence, that the defendant had illicit intercourse with the daughter of the plaintiff, and that, at the time of said criminal and illicit intercourse, said *Elizabeth* was unchaste, and said illicit intercourse was occasioned as much by her misconduct as by that of the defendant, then you should find for the plaintiff the value of the services."

The objection urged to the second instruction is that it directed the jury that if the seduction was proved, they could find for the plaintiff, though it appeared that the daughter, at the time, was not living with the plaintiff, nor in her service, and that no loss of service was sustained by her. The instruction was correct, under the 25th section of the code.

The third instruction contains a substantially correct enunciation of the law applicable to the facts of the case. It is well settled, in cases of this character, that the jury may award a compensation for the dishonor and disgrace cast upon the plaintiff and family by such an injury, and for their injured feelings. *Dain* v. *Wycoff*, 7 N. Y. 191; 3 Starkie's Ev. 1309; 2 Stevens' N. P. 2356–7. In this State, the statute expressly confers a right of action on the father, or, in case of his death, on the mother, for the seduction of the minor daughter, though she "be not living with, or in the service of the plaintiff at the time of the seduction or afterwards, and there be no loss of service." 2 G. & H., § 25, p. 55.

In such case, there could be no other ground for an award of damages than the wounded feelings and the dishonor and disgrace cast upon the parent and family by the injury, and such damages were evidently contemplated by the legislature in adopting the provision referred to.

The fifth instruction is based on the hypothesis that if the illicit intercourse resulting in *Elizabeth's* pregnancy was occasioned as much by her misconduct as that of the defendant, or, in other words, if there was no actual seduction, the plaintiff could not recover for such, but only for the actual loss of service. There is nothing in the first branch of the instruction of which the appellant can complain. The latter branch was not applicable to the evidence, as there was no proof of loss of service to the mother, and should not, therefore, have been given. But the error was a harmless one. The evidence clearly justified the jury in finding the defendant guilty of the seduction; and, as there was no

proof of the loss of service, it is evident from the amount of damages awarded by the jury that they so found.

We find nothing in the record to justify a reversal.

The judgment is affirmed, with five per cent. damages and costs.

*A. J. Simpson* and *H. Heffren* for appellant.

*F. Wilson* for appellee.