## GRAY v. BEAN.

1. Pleading: SEDUCTION: REQUISITES OF PETITION. In an action by an unmarried woman for her own seduction, the petition, after alleging the fact of seduction, etc., averred "that plaintiff had been damaged by the defendant in the sum of $5,000, for which she asks judgment." It was urged, for the first time, after trial and verdict, that the petition was defective in not averring that plaintiff was damaged by reason of the wrong or injury imputed to defendant. *Held*, that the damages were sufficiently alleged to be the result of the seduction to sustain the verdict.

2. Instruction: INAPPLICABILITY: SEDUCTION. In an action for seduction, the court charged the jury, that in estimating the plaintiff's damages they should consider, among other things, "the loss of

time by her, the expense incurred for medical attendance, if any, and board while sick, and the like." It was objected that this instruction was erroneous because inapplicable to the testimony, there being no evidence of loss of time during sickness, or that a physician was employed, or any thing expended for medicine, nursing or other services. It was, however, proved that the plaintiff had given birth to a child, though there was no evidence as to how many days loss of time was occasioned thereby. *Held*, that there was no sufficient error in the instruction to justify a reversal of the judgment.

3. Damages: SEDUCTION. A verdict for $2,500 damages for the seduction of an unmarried woman was held not excessive in the present case.

*Appeal from General Term, 10th District ( Winneshiek County).*

THURSDAY, JUNE 10.

SEDUCTION: REQUISITES OF PETITION: DAMAGES, ETC. The petition, alleging that the plaintiff is an unmarried female, claims of the defendant $5,000, and for cause states, " that on, etc., the defendant did seduce, debauch and carnally know the plaintiff, who was a female of previously chaste character. That defendant promised to marry the plaintiff, which he has refused and neglected to do. That plaintiff has been damaged by the defendant in the sum of $5,000, for which plaintiff asks judgment." Answer — in denial. Trial to jury. Verdict for plaintiff in the sum of $2,500. Motion for new trial overruled. Judgment on the verdict. The General Term of the Tenth District affirmed the judgment of the District Court. Defendant appeals.

*L. Bullis* and *Noble, Hatch & Frese* for the appellant.

*Elijah Odell, John T. Clark,* for the appellee.

DILLON, Ch. J. — I. Our statute gives to an unmarried
1. PLEADING: female the right to prosecute, as plaintiff, an
seduction:
requisites of action for her own seduction, and it provides
petition. that in such action she may recover such
damages as may be found in her favor. Rev. § 2790.

No objection to the petition was made by demurrer or
motion. The defendant answered to the merits. The
testimony is all in the record. It shows a trial on the
merits without any objection to the sufficiency of the
petition. The record also shows that the case was treated
as an action by the plaintiff for her own seduction. In
the motion for a new trial, no specific objection is made
to the petition. It is stated generally that " the verdict
is contrary to law," but in the particulars which are
specified wherein it is contrary to law, it is not set down
that the petition is defective, or does not state a cause of
action. It is now argued in this court that the motion
for a new trial should have been sustained, because of a
fatal defect in the petition. This defect is claimed to
consist in an omission in the petition to allege that the
plaintiff was damaged in any sum, as the result of the
wrong or injury imputed to the defendant.

In our judgment, the allegation of damages, as the
result or consequence of the seduction, is sufficiently
stated to sustain a verdict, when the objection is not
made until after the trial. *Smith* v. *Milburn* (17 Iowa,
30) is in point and answers the objection now under con-
sideration.

II. The seventh instruction is objected to by the
defendant. It is as follows: " 7. If you find that the
2. INSTRUCTION: plaintiff was seduced by the defendant, and
inapplicability:
seduction. that she was of previous chaste character, in
estimating her damages, you will consider, first, loss of
time by plaintiff; the expense incurred for medical
attendance (if any), and board while sick, and the like;

second, physical suffering; third, the mental anguish, loss of character and social standing, and sense of shame caused by the seduction. The damage should be commensurate with the injury, but you must take care and not let your sympathy lead you to an unjust or oppressive assessment."

In the printed argument of the appellant's attorneys, they object to this instruction because "it is inapplicable to the testimony, there being no proof of *actual damage* to the plaintiff. There was no evidence of loss of time during sickness, or that a physician was employed, or one cent expended for medicine, nursing or other services demanded in consequence of the alleged seduction."

It was proved, and not controverted, that the plaintiff had given birth to a child. There was no evidence as to how many days' loss of time this would occasion, but this is not a sufficient ground on which to reverse the judgment of the court below. The instruction did not direct the jury to allow for medical attendance, unless expenses of this nature had been incurred.

III. Finally, it is urged that the verdict was excessive. This objection cannot prevail. The testimony shows that

3. DAMAGES: seduction. the plaintiff was a girl, poor, indeed, compelled to labor, without a father, as it would seem, and who was living at the time in the house of the defendant's father. The plaintiff testified that the defendant accomplished her ruin under promises to marry The defendant did not testify, nor produce any testimony contradicting the plaintiff in any essential particular.

The attempt to assail the plaintiff's character was a manifest failure.

Under the circumstances we cannot say that the recovery was, in fact, in excess of a just amount; much less are we prepared to say that, in refusing a new trial on this ground, the District Court erred.

In conclusion, we add, that there were circumstances in evidence of such a nature as would justify the jury in finding that the plaintiff was unmarried.

Affirmed.