## TAYLOR v. SHELKETT.

PRACTICE.—*Supreme Court.—Assignment of Error.—New Trial.—Instructions.*—Error in giving or refusing instructions, and " error of the court on the trial," are grounds for a new trial, but can not be assigned in the Supreme Court, as error.

SAME.—" Error of law occurring at the trial," assigned in that manner as ground for a new trial, is too vague and indefinite to present any question.

SEDUCTION.—*Action by Parent.—Measure of Damages.—Excessive Damages.*—In an action by a father, to recover damages for the seduction of his infant daughter, he is entitled to recover, if at all, as well for his wounded feelings and for the dishonor brought upon him, as for the loss of his daughter's services ; and the amount of the damages is a question for the jury.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *R. R. Taylor*, for appellant.

*E. E. Rose* and *E. Short*, for appellees.

PERKINS, J.—Suit by Augustus W. Shelkett, against Ham L. Taylor, for the seduction of the infant daughter of the former.

Answer, the general denial.

Trial by jury; verdict for the plaintiff, and an award of twelve hundred and fifty dollars as damages. A motion for a new trial was denied, and judgment rendered on the verdict. Appeal.

The assignment of errors is as follows :

" 1.   Error of the court in instructing the jury, excepted to by appellant;

" 2.   Error of the court in refusing to give instructions to the jury, asked by appellant; excepted to by appellant;

" 3.   Error of the court, on the trial of the cause; excepted to by appellant; and,

" 4.   Error of the court in refusing to grant a new trial; excepted to by appellant."

The motion for a new trial assigned as causes therefor :

" 1.   The damages assessed by the jury are excessive ;

" 2.   The verdict of the jury is not sustained by sufficient evidence ;

" 3.   The verdict of the jury is contrary to law ; and,

" 4.   Error of law occurring at the trial, and excepted to by the defendant."

As to the assignment of errors, section 568 of the code, 2 R. S. 1876, p. 244, provides, that upon appeal there must be " a specific assignment of all errors relied upon." The first, second and third assignment of errors are not specific, and will not be further noticed. See notes to the section of the code above quoted from. Besides, the matters alleged in them for errors were all grounds for a motion for a new trial, and were only assignable as such, and were not assignable as errors, in this court. *Westerfield* v. *Spencer*, 61 Ind. 339.

Failing to make them grounds in a motion for a new trial was a waiver of the alleged errors. *Lures* v. *Botte*, 26 Ind. 343 ; *Branham* v. *Record*, 42 Ind. 181.

The fourth assignment of error was specific, viz. , that the court erred in refusing to grant the motion for a new trial. We enquire as to the truth of this assignment.

The first cause stated in the motion for the new trial was excessive damages.

To intelligently rule upon this point, we must look at the facts of the case. The seduced girl was a witness. She testified:

"I am the daughter of the plaintiff; am nineteen years old, past. Father lives three quarters of a mile from Switz City. I am unmarried; I was four years old when my mother died; have known defendant five years; he was a merchant at Switz; I was fourteen years old when I first got acquainted with him; I was keeping house for my father; I got acquainted with defendant at his store, when I was trading; he came to see me quite a number of times before he was married; he came to see me three years, while single; he came frequently, week days and Sundays; he came generally when father was absent; father and brother were generally away from the house, on the farm, when he came; I am mother of a child; it was born June 5th, last; Ham Taylor, the defendant, is the father of the child; my child was begotten on the 4th day of September, 1875, at father's house; I yielded to have intercourse with the defendant because I loved him; I first formed my love for him when he was coming to see me as a single man; there was no one at home on the day the child was begotten; he and his wife lived at Switz City; the child is still living." See *Bell* v. *Rinker*, 29 Ind. 267.

The father had paid the expenses incident to the "lying-in" of his daughter.

The bill of exceptions contains this statement:

"It was admitted by defendant that plaintiff's character has always been good; and that Kit's (his seduced daughter's) general reputation was good until it was discovered that she was pregnant."

Under such circumstances, we can not say the damages in the case, given by the jury, were excessive.

Where a man of respectable position in society takes advantage of a comparatively unprotected, motherless daughter, of respectable family, to win her affections only to enable him to ruin her, which ruin he accomplishes in her father's house, in which she is house-keeper, it is very difficult to determine the exact amount that should be paid as " a compensation for the dishonor and disgrace cast upon" that father, and for his wounded feelings, which compensation he has a right to recover in an action for the seduction, as well as that for loss of services. *Felkner* v. *Scarlet*, 29 Ind. 154; *Pruitt* v. *Cox*, 21 Ind. 15; *Shattuck* v. *Myers*, 13 Ind. 46, on page 52. See *Coleman* v. *White*, 43 Ind. 429.

A subject for moral and social reasoning, not of mathematical demonstration, is presented.

The record does not show the existence of the second and third causes assigned for a new trial.

The fourth assignment is bad on account of vagueness. *Grant* v. *Westfall*, 57 Ind. 121.

In *Mason* v. *Moulden*, 58 Ind. 1, the third cause for a new trial was assigned in these words:

" Error of law occurring at the trial, and excepted to by the defendants."

The court say : " The third cause assigned is too indefinite to raise any question. This has been decided so often that a reference to the decisions is unnecessary."

See *Nofsinger* v. *Reynolds*, 52 Ind. 218, on p. 226.

The record presents no further question for decision.

The judgment is affirmed, with costs and five per cent. damages.

Petition for a rehearing overruled.