MORGAN v. ROSS, *Appellant.*

1.  **Parent and Child**: SEDUCTION: DAMAGES.  In an action by a father for the seduction of his minor daughter, his mental anxiety and suffering, caused by the loss of her virtue, the corrupting influence upon the morals of his other children, and the disgrace of the family, properly enter into the estimate of the damages recoverable by him.

2.  ——— : ——— : ——— : EVIDENCE.  In an action for seduction, the girl's unchaste conduct after the seduction is not admissible in evidence, in mitigation of damages.

3.  ——— : ——— : ——— : VERDICT.  Damages in an action for seduction are allowed for the purpose of setting an example, and of punishing the wrong-doer, as well as for compensation ; the amount is peculiarly within the province of the jury, and their verdict will not be set aside as excessive, unless a flagrant abuse of their powers is shown.

4.  **Practice**: MISCONDUCT OF THE JURY.  The refusal of the trial court to grant a new trial, on the ground of alleged misconduct of the jury, where there are affidavits *pro* and *con*, is no ground for a reversal of the judgment, unless it appears that there was an abuse of judicial discretion in the trial court.

*Appeal from Ray Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

The evidence, on behalf of plaintiff, was that his daughter, at the time of the alleged seduction, was about seventeen years of age; that she had always lived with him, except during part of the summer of 1873, when she was hired out by her mother at $2 per week; that she returned home in August, 1873, and there performed domestic duties; that she was the oldest of nine children; that her mother was living; that defendant waited upon his daughter in the spring of 1873, until the month of May, when he left the neighborhood, and went to his father's house in another county; that he returned in September following and resumed his visits to plaintiff's daughter, calling on her once a week, and occasionally taking her

into society; that her child was born early in the next May; that upon defendant's visits to his daughter, they would sometimes sit up together in the kitchen as much as two hours at a time ; that plaintiff spoke to his daughter of the impropriety of keeping company with defendant in the kitchen and told her she was too young, to which she replied there was nothing wrong going on between them; that plaintiff had no physician with his daughter when confined, furnished her no clothing during her illness, and that his actual loss for her services and expenses during her illness was $40. The testimony of the daughter was that defendant was the father of her child ; that he seduced her in her father's kitchen on the night of September 7th, 1873 ; that at the same place and during the same month they had sexual connection several times; that defendant, previously, on the 22nd day of August, 1873, had promised to marry her. Evidence was given of her good character.

Defendant testified that he first met plaintiff's daughter in the spring of 1873, at a party ; that she invited him to call upon her at her home ; that during the spring he called upon her several times; that from her manner and demeanor he became satisfied that she was a girl of loose virtue ; that the second or third time he called, he had connection with her, without her making any resistance whatever, and frequently afterward until he left the neighborhood in May of that year; that she never at any time refused ; that she admitted to him that she was having connection with another man, and he then ceased to have connection with her; that from the last of May until the last of September or first of October, he did not visit her ; that he saw her once or twice afterward during the fall, but that he never had connection with her after the month of May. Evidence was introduced tending to prove that she had connection with other parties in the summer of 1873. The daughter, in rebuttal, denied the substantial facts testified to by defendant's witnesses, whose character was

impeached by witnesses for plaintiff, and sustained by witnesses for defendant.

The court gave two instructions for plaintiff—the second of which is given in the opinion—the first is as follows : If the jury find from the evidence that defendant, under the promise of marriage or otherwise, seduced plaintiff's daughter, in the year 1873, and she became pregnant with child by him, and was delivered of a child, the fruit of said carnal knowledge with defendant; that she was at the time of said seduction, and a long time before, and ever since has continued to live with her said father, and that she, during said time, rendered service for him, and that by reason of said seduction, pregnancy and confinement, plaintiff was for a time deprived of his said daughter's services and incurred expense by reason thereof, then the verdict should be for plaintiff.

Instructions numbered one, three and four were given for defendant; those numbered two and five were refused; instruction numbered five is given in the opinion; the others are as follows: (1) Unless the jury believe from the evidence that defendant is the father of the child born in May, 1874, they will find for the defendant. (2) The fact that the defendant had criminal communication with plaintiff's daughter in the year 1873, does not of itself entitle plaintiff to recover in this case. And unless the jury are satisfied from all the facts and circumstances detailed in evidence that the defendant is the father of the child, they will find for defendant. (3) It devolves upon the plaintiff to make out his case by a preponderance of evidence, and unless the jury believe that the evidence preponderates in favor of plaintiff they will find for defendant. (4) The jury are the judges of the credibility of the witnesses, and of the weight of evidence, and they will give such credit to each witness as they may consider such witness entitled to, and return their verdict for plaintiff or defendant according to the weight of the evidence.

*Charles A. Winslow* for appellant.

In an action of this kind, the father cannot recover for injuries to the reputation of his family growing out of the seduction of his daughter. 2 Sedg. on Dam., (7 Ed.) 516; *Kepler v. Hyer*, 48 Ind. 499. The defendant was entitled to an instruction giving him the benefit of the absence of any promise of marriage, if the jury believed his testimony, also to the fact, of which there was evidence, that the girl had been guilty of sexual intercourse with other men, in mitigation of damages. Wood's Mayne on Dam., 662, § 686; Moak's Underhill on Torts, 348. $1,700 was awarded in the nature of smart money, nominally for injured feelings in a case where, according to plaintiff's showing, the woman would have a right of action for breach of promise. The verdict was the probable result of prejudice.

*Joseph E. Black* and *James M. Davis* for respondent.

1. The court below having an opportunity to observe the conduct and actions of jurors during the progress of the trial, was fully qualified to pass upon the weight of the affidavits filed in the motion for a new trial, and, except for the strongest reasons, and in a most flagrant case, will not disturb the action of the court in overruling the motion for a new trial. *State v. Floyd*, 15 Mo. 349; Hilliard New Trials, (2 Ed.) p. 200, § 4; Ib., p. 208, § 11; *Stewart v. Small*, 5 Mo. 525; *Price v. Evans*, 49 Mo. 396; *State v. Upton*, 20 Mo. 399; *State v. West*, 69 Mo. 401

2. There being evidence offered in the case to sustain all the issues involved, and the jury being the judges of the weight of the evidence, no question can arise upon the sufficiency of the evidence, the verdict evidencing neither gross partiality or fraud upon part of the jury. *Garneau v. Herthel*, 15 Mo. 191.

3. The instructions asked by plaintiff, and given by

the court, declare the law properly. Greenleaf on Ev., (10 Ed.) vol. 2, p. 509, § 579; Reeve's Domestic Relations, (3 Ed.) 425.

4. The second instruction asked by defendant was properly refused by the court, as it is but a repetition of the first instruction asked by defendant, and given by the court, in another form; and attention is called particularly to one fact, whereas the minds of the jury should be left free to consider all the facts in the case, and their minds should not be inclined by an instruction, to place too great stress upon any particular fact. *Bay v. Sullivan*, 30 Mo. 191; *Gonsolis v. Gearhart*, 31 Mo. 585; *State v. King*, 44 Mo. 238; *Chouquette v. Barada*, 28 Mo. 491.

5. The fifth instruction asked by the defendant was properly rejected by the court, because it is not simple but compound. The latter clause stating a correct principle, but blended with other propositions not stating correct principles, leaving it to the jury to discriminate, instead of the court, and is calculated to mislead and confuse their minds. The instruction assumes that defendant was the father of the child, that defendant seduced the girl, that he seduced her without promise of marriage, and that she, before or about the time, and after seduction, was having carnal intercourse with other men, and asks the jury to take these assumed facts into consideration in mitigation of damages. *Otto v. Bent*, 48 Mo. 23; *Crole v. Thomas*, 17 Mo. 329; *Wood v. Steamboat Fleetwood* 19 Mo. 529.

SHERWOOD, C. J.—Plaintiff sued defendant for seducing his daughter, and recovered a judgment for $1,750.

## I.

The evidence being sufficient to support the verdict, we will examine the correctness of the action of the circuit court in giving and in refusing instructions. The second instruction given for plaintiff is as follows: 2. "The jury in computing the damages suffered by plaintiff, will

take into consideration, not only the loss of the services of Kate Morgan by plaintiff, and the expense incurred by him by reason of her seduction, pregnancy and confinement, but will also take into consideration the anxiety and suffering of mind of plaintiff caused by the loss of the virtue of his daughter, the corrupting influence upon the morals of his other children, and the disgrace of his family, and will render their verdict accordingly." It is insisted that there was error in giving this instruction.

An action for seduction has always been regarded an anomalous one; one *sui generis*, the damages in which "are given not only for the loss of service, but also for all that the plaintiff can feel from the nature of the injury. Therefore, if the plaintiff is the parent of the seduced, the jury may consider his loss of the comfort as well as the services of the daughter, in whose virtue he can feel no consolation, his anxiety, as the parent of other children, whose morals may be corrupted by her example." 2 Greenleaf Ev., § 679. In such action, injury to the plaintiff's feelings is to be taken into the account in computing damages; though not specifically alleged in the declaration, such damages being considered naturally consequent on the principal injury. *Phillips v. Hoyle*, 4 Gray 568. And the jury may also award the parent compensation for the disgrace and dishonor cast upon him and his family. *Clark v. Fitch*, 2 Wend. 461; *Grable v. Margrave*, 3 Scam. 372; *Felkner v. Scarlett*, 29 Ind. 154; *Wilhoit v. Hancock*, 5 Bush 567; Field on Dam., § 698; *Rollins v. Chalmers*, 51 Vt. 592; *Badgley v. Decker*, 44 Barb. 577, 589. It will be seen from the foregoing authorities that there was no impropriety in giving the above instruction, and if it be granted, as it must, that a parent is entitled to recover damages for all that he " can feel from the nature of the injury," such recovery may well embrace the anguish of mind resulting from the ignominy inflicted on himself and family.

## II.

Defendant's fifth instruction was this: 5. "If the jury believe from the evidence that the defendant is the father of the child in question, and also further find from the evidence that the said Kate Morgan was seduced by defendant without any promise of marriage on the part of defendant, or further believe that said Kate, at or about or before the time of her seduction by defendant, had criminal communication with any other man or men, such facts may be taken into consideration in mitigation or reduction of damages." There was no error in refusing it. It may be conceded that had the girl maintained criminal relations with other men prior to her seduction, this fact should have gone to the jury in mitigation of damages. But the trouble with this instruction is, that it makes no distinction between unchaste acts of the girl whether occurring previously or subsequently to her seduction by defendant. Now, we have held that, in actions of this nature, proof of the girl's unchaste conduct after seduction, should not go to the jury; that it did not even tend to mitigate the damages. *McKern v. Calvert*, 59 Mo. 243. If then evidence as to subsequent criminal intimacies with other men should be excluded altogether from the jury, certainly an instruction should be refused which leaves it doubtful whether the jury should regard such evidence in mitigation of damages. Had the instruction been limited to the period prior to the girl's seduction by defendant, then it would have been proper to have instructed the jury as to mitigation.

## III.

We come now to the damages awarded by the jury. Defendant claims they are excessive. In *Tullidge v. Wade*, 3 Wils. 18, Wilmot, C. J., remarks: "Actions of this sort are brought for example's sake, and although plaintiff's loss in this case may not really amount to the value of

twenty shillings, yet the jury have done right in giving liberal damages." In vindictive actions, and so this action is now regarded, damages are given for the two-fold purpose of setting an example and of punishing the wrongdoer. It is believed that no case can be found in the books where the verdict in an action such as this, has been set aside upon the sole ground of awarding excessive damages. Peculiar considerations exempt a verdict in an action of this nature from the interference of the court, when such interference is sought to be bottomed alone on the excess of the recovery. The amount of the damages in such cases is considered a question peculiarly within the province of the jury, and as one which cannot from the very nature of things be estimated or computed upon any mere compensative or pecuniary basis ; *Taylor v. Shelket*, 66 Ind. 297, and courts certainly would not interfere with a verdict in this, or in kindred cases, where there is no scale whereby the damages can be graduated with certainty, unless proof be introduced showing flagrant abuse of those powers which the law had confided to the intelligence and good sense of the jury. *Sargent v. ———*, 5 Cow. 106 ; *Stevenson v. Belknap*, 6 Iowa 97 ; *Gray v. Bean*, 27 Iowa 221 ; Field on Dam., §§ 702, 881, and cases cited.

## IV.

The remaining point to be considered is the alleged misconduct of the jury. There were affidavits on this subject *pro* and *con*. The lower court had better opportunities than we of coming to a correct conclusion in this regard, and being unable to see that there has been any abuse of judicial discretion requiring our interference, we refuse to interfere, and affirm the judgment. All concur.