Bartlett v. Kochel.

No. 10,204.

## BARTLETT v. KOCHEL.

SEDUCTION.—*Infant.—Action by Father.— Defence.—Former Adjudication.— Prochein Ami.*—In an action by a father against the seducer of his infant daughter and servant, an answer of the defendant, setting up that in a former suit in the name of the infant daughter for the same seduction, wherein the father appeared as the next friend of his daughter, the seducer recovered judgment, is no bar to the pending action, and the sustaining of a demurrer to such answer is not error.

SAME.—*Instruction.—Error.*—In such a case an instruction of the court, to the effect that even if the seduction was occasioned as much by the misconduct of the daughter as by that of the defendant, the father is entitled to recover for her services thereby lost, if any, is not erroneous; for the infant daughter, as against her father, has no right to consent, and her act in consenting to, or even procuring, the criminal connection, is no bar to his action for damages.

From the Warren Circuit Court.

*J. M. Rabb* and *M. Milford,* for appellant.
*J. McCabe* and *E. F. McCabe,* for appellee.

Howk, C. J.—This was a suit by the appellee against the appellant to recover damages for the latter's debauching and begetting with child one Harriet Kochel, the infant daughter and servant of the appellee, whereby he lost her services, etc. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee. Over appellant's motion for a new trial the court rendered judgment on the verdict.

The first error complained of in the brief of appellant's counsel is the decision of the trial court in sustaining a demurrer to the second and third paragraphs of his answer. In the second paragraph appellant alleged in substance, that the seduction charged in appellee's complaint had theretofore been adjudicated in an action brought by the appellee, as the next friend of the said Harriet Kochel, against the appellant for the seduction of the said Harriet, being the identical fact complained of in appellee's complaint; and that a judgment was

·duly rendered in said action in favor of the appellant. Wherefore, etc.

The third paragraph of answer is substantially the same, in its averments, as the second paragraph, differing therefrom only in phraseology.

It needs no argument, we think, to show that the court ·committed no error in sustaining the demurrer to these paragraphs of answer. The next friend of an infant plaintiff is not a party to the action in such a sense as that the judgment therein rendered could be pleaded in bar of any cause of action he might have against the same defendant, growing out of the same transaction. Besides, the cause of action in favor ·of an unmarried female, for her own seduction, is purely statutory, and she " may recover therein such damages as may be assessed in her favor." Civil code of 1852, sec. 24; sec. ·263, R. S. 1881. While the cause of action in favor of the ·father of an infant daughter, for debauching and getting her with child, is of common-law origin, and he recovers in such :action, in theory at least, for his loss of her services and the ·expenses incident to her lying-in or confinement, etc. *Pruitt* v. *Cox*, 21 Ind. 15; *Felkner* v. *Scarlet*, 29 Ind. 154; *Taylor* ·v. *Shelkett*, 66 Ind. 297.

It seems to us, therefore, that the cause of action in favor ·of the unmarried female and the cause of action in favor of the father, although founded on the same transaction, are widely different each from the other, and, certainly, the parties to the two actions are not the same. The paragraphs of answer under consideration, therefore, were not good pleas of former adjudication, and the demurrer thereto was correctly sustained.

Under the error assigned upon the overruling of the motion for a new trial, the only point made by the appellant's ·counsel in argument is that the court erred in instructing the jury, in substance, as follows: " In this case, if you find from a preponderance of the evidence, that the defendant begot the

plaintiff's daughter with child, under the circumstances substantially alleged in the complaint, and in consequence of which the plaintiff lost the services of his daughter, the plaintiff will, in this action, be entitled to recover damages for such services lost, if you find any such exist, in this case, even though the said sexual intercourse, that produced said child, was occasioned as much by the misconduct of said daughter, or by the promptings of her own lascivious desires, as that of the defendant. In such a case, as against her father, she has no right to consent, and her act in consenting to, or even in producing, the criminal connection, was a nullity."

The evidence is not in the record, and, therefore, the only question for decision is whether or not the instruction is erroneous in the abstract, or in any possible view of the case. All that the appellant's counsel have said in their brief in relation to the instruction is comprised in the statement that they think the court erred in so instructing the jury. We are of opinion, however, that the instruction is not erroneous. In *McAulay* v. *Birkhead*, 13 Ired. 28, which was an action by a father for the seduction of his infant daughter, the court said : " Whatever bearing the forward and indelicate conduct of the plaintiff's daughter ought to have had, on the question of damages, it certainly had none on the question of his right of action. In respect to him, she had no right to consent, and her act in assenting to, or even procuring, the criminal connection was a nullity ; so the defendant must stand as a wrong-doer, from whose act the plaintiff has suffered damage." *Shattuck* v. *Myers*, 13 Ind. 46 ; *Pruitt* v. *Cox, supra.*

We find no error in the record of this cause.

The judgment is affirmed, with costs.