No. 335.

## KREAG v. ANTHUS.

SEDUCTION.—*Action for Damages by Father.—Complaint.—Sufficiency of.—Abduction.*—In an action by a father against the defendant for abducting and seducing his infant daughter, a complaint is sufficient which alleges in substance that the defendant, wrongfully and wickedly intending to deprive the plaintiff of the services of his infant daughter, did entice and persuade said daughter to leave the plaintiff's home and service without his consent, and did then and there unlawfully abduct such daughter, and take her into his own family, and did then and there live and cohabit and have unlawful sexual intercourse with her, whereby she became pregnant, etc., and became permanently disabled from performing services, much to the damage, disgrace and humiliation of the plaintiff.

SAME.—*Instructions to Jury.—Remote Hypothesis.—Need not be Guarded Against.*—In an action by a father agains the defendant for damages for abducting and seducing his infant daughter, it was not error for the court to refuse to instruct the jury that "The defendant is not liable for the seduction of said daughter by any other person than himself." There are many things common in legal proceedings which the jury may be presumed to know, and every remote hypothesis need not be guarded against by instructions.

INSTRUCTIONS TO JURY.—*Functions of Jury.—When not Usurped.*—An instruction to the jury is proper which informs them that they are the exclusive judges of the credibility of the witnesses examined on the trial, etc., and "after carefully weighing and considering all the circumstances, you will determine for yourselves what allegations contained in the complaint have been proven by a preponderance of the evidence, and what have not." This instruction is not open to the objection that it assumed that some of the allegations of the complaint were proved, and consequently usurped the functions of the jury.

PLEADING.—*Complaint.—Good Upon Two Theories.—How Construed.—Demurrer.*—Where a complaint is good on two theories, it is immaterial, for the purposes of a demurrer, upon which theory it is construed, as it states a good cause of action upon either.

CONSENT.—*Obtained by Fraud.—Effect of.*—Consent obtained by fraud is equivalent to no consent.

From the Hamilton Circuit Court.

*W. Neal* and *J. F. Neal*, for appellant.

*W. Garver* and *D. W. Patty*, for appellee.

CRUMPACKER, J.—Frederick Anthus sued Michael Kreag for damages for abducting and seducing his infant daughter, alleging in his complaint, in substance, that the defendant, wrongfully and wickedly intending to deprive the plaintiff of the services of his infant daughter, did entice and persuade said daughter to leave the plaintiff's home and services without his consent, and did then and there unlawfully abduct such daughter, and take her into his own family, and did then and there live and cohabit and have unlawful sexual intercourse with her, whereby she became pregnant with and was delivered of a bastard child, and became permanently disabled from performing services, much to the damage, disgrace and humiliation of the plaintiff.

A demurrer to the complaint was overruled.

Issues were joined by answer, and the cause was tried by a jury, and resulted in a verdict for plaintiff.

The defendant's motion for a new trial was overruled, and judgment rendered upon the verdict.

Errors are assigned calling in question the rulings of the trial court upon the demurrer and motion.

No particular objection to the complaint is pointed out, and we have been able to discover none.

There is some controversy between the parties relative to the theory of the complaint—whether the *gravamen* is the alleged abduction or the seduction.

For the purposes of the demurrer we are unable to perceive that it would make any material difference upon which theory it is construed, as it states a good cause of action upon either. *Bartlett* v. *Kochel*, 88 Ind. 425; *Felkner* v. *Scarlet*, 29 Ind. 154; *Bundy* v. *Dodson*, 28 Ind. 295.

At the proper time the appellant offered the following instruction, which was refused : " The defendant is not liable for the seduction of said daughter by any other person than himself."

The cause was submitted to the jury clearly upon the theory that the appellee could not recover unless he proved

by a preponderance of the evidence that the appellant was guilty of the things charged against him in the complaint. The idea of holding the appellant responsible for the wrongful acts of another was fairly excluded by the instructions given. There are many things common in legal proceedings which the jury may be presumed to know, and every remote hypothesis need not be guarded against by instructions.

The jury heard the evidence and argument of counsel, after which they were instructed, and we can not presume that they understood appellant to be on trial for anybody's wrongful acts but his own. There was no error in refusing the instruction.

The court, of its own motion, gave the following instruction, to which the appellant excepted :

" You are the exclusive judges of the credibility of the witnesses examined on this trial, and you will determine for yourselves the weight that should be given to the testimony of each one of them, and to each fact and circumstance in evidence in the case, and, after carefully weighing and considering all the evidence, facts and circumstances, you will determine for yourselves what allegations contained in the complaint have been proven by a preponderance of the evidence, and what have not."

The objection pointed out to this instruction is, that it assumed that some of the allegations of the complaint were proved, and consequently it usurped the functions and forestalled the conscience of the jury.

It is not obnoxious to the objection made, however. It fairly left the whole matter to the jury upon the evidence, without intimation that any *particular* fact had been proved. It could be said with equal force that the instruction assumed that some of the allegations of the complaint were not established by the evidence. No right of appellant was prejudiced by the instruction.

Counsel for appellant very earnestly insist that the verdict is not sustained by sufficient evidence.

The facts that the appellee's daughter was a minor, and was living in the family of the appellant, and while living there was debauched and gave birth to a child, are not disputed.

Declarations and circumstances were in evidence bearing upon appellant's conduct towards the injured daughter, which, if true, were entirely inconsistent with his innocence of the charge of seduction.

Upon the question of abduction the evidence disclosed that the appellant is the appellee's nephew, and the latter gave his consent to his daughter's going to the home of the former to work in his family as household servant. Under the particular circumstances of the case, which we need not detail, and in view of what followed, the jury were justified in drawing the inference that the appellant obtained the appellee's consent fraudulently, and procured his daughter for the purpose of debauching her.

Consent obtained by fraud is, in law, equivalent to no consent. Because of the nature of the charge, and the difficulty of obtaining direct evidence in this class of cases, juries are accorded a wide latitude in making deductions from suspicious conduct and circumstances.

The judgment is affirmed.

Filed Oct. 14, 1891.