VOGT, Appellant, v. ALDRICH, Respondent.

(151 N. W. 428.)

(File No. 3667.   Opinion filed March 15, 1915.)

1. **Seduction—Abduction—Action for Service, Mental Suffering—Statute, Repeal—Emergency Clause.**

Laws 1903, Ch. 21, Secs. 1, 2, giving to the father, mother, sisters, brothers, etc., a right of action for recovery of medical attendance, etc., incident to the consequent illness, and for exemplary damages, which act contained an emergency clause declaring that there was no adequate provision in the statute relating to seduction, held, not to abrogate the common-law and the statutory right of recovery theretofore existing, under which a father could recover for debauchery of his daughter, and for loss of services, etc., and not to create any new cause of action; the purpose of said statute being to grant to new parties a right of action and recovery upon a cause of action already existing.

Gates, and Smith, J. J., dissenting.

2. **Pleadings—Sufficiency of Complaint—Two Causes, Seduction, Abduction—Failure of One—Effect—Repeal of Statute.**

Where a complaint by a father states one cause of action for loss of services, dishonor, etc., resulting from seduction of his daughter, and another for abduction, held, that, even if Laws 1903, Ch. 212, Secs. 1, 2, were held to repeal the father's right to sue for services in such cases, the cause of action for abduction would not be thereby affected; hence the complaint would not be demurrable.

Gates, and Smith, J. J., concurring in the result.

Appeal from Circuit Court, Codington County.   Hon. CARL G. SHERWOOD, Judge.

Action by J. F. Vogt against Charles Aldrich to recover damages for seduction of plaintiff's daughter. From a judgment en-

tered on a verdict directed for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

*Woerth & Carlson,* for Appellant.

*McFarland & Johnson,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Pance v. Dozier, 7 Bush, (Ky.) 133; Scott v. Cook, 1 Duv. (Ky.) 314; Wihoit v. Hancock, 5 Bush (Ky.) 567; Watson v. Watson, 49 Mich. 540; Ryan v. Tralick, 50 Mich. 483; Weiher v. Meyersham, 50 Mich. 602; Cross v. Goodham, 20 U. C. Q. B. 242; Gould v. Erskine, 20 Ont. Rep. 347; Clem v. Holmes, 33 Gratt. (Va.) 722; 36 Am. Rep. 793.

Respondent cited: Laws 1903, Ch. 212; Rev. Civ. Code, Sec. 2472; Lord v. Pope Chemical Company, 44 Atl. 775; Murdock v. City of Memphis, 20 Wall. 590, notes 14 A. D. 210; Dodd v. Focht, (Ia.) 34 N. W. 425.

(2) Under point two of the opinion, Appellant cited: Section 32, Subds. 2, 3, Civil Code; Anthony v. Norton, 44 L. R. A. 757; Clark v. Clark, 63 N. J. L. 1, 42 Atl., and cases there cited.

POLLEY, J. Plaintiff brings this action to recover damages alleged to have been caused by the seduction of his daughter. By the amended complaint, he alleges that the female involved is his servant and daughter; that, at various times from the 5th day of August, 1910, to the latter part of the year 1913, defendant debauched and had carnal knowledge of the said daughter; and that, at various times during said period, defendant, for the purpose of such debauchery, abducted and enticed the said female to leave the residence and service of plaintiff and his family, and, for that purpose, kept her secreted and concealed from plaintiff for periods of time ranging fom two weeks to six months; that, as a result of such wrongful conduct on the part of the defendant, plaintiff was deprived of the service of his said daughter, and was subjected to shame, mortification, disgrace, dishonor, and mental suffering. He further alleges that, at the time of the above-mentioned wrongful acts, the defendant was a married man, but that he represented himself to be a single man and desirous of getting married.

At the trial plaintiff called a witness to the stand, but, before any testimony was taken, defendant interposed an objection to

the introduction of any evidence, for the reason that the amended complaint does not state facts sufficient to constitute a cause of action.   This objection was sustained, and, on motion of the defendant, the court directed a verdict for defendant.     Judgment was entered upon the verdict, and from such judgment and an order denying a motion for a new trial, plaintiff appeals.

[1] Respondent's objection to the introduction of any evidence is based on the ground that plaintiff has not brought himself within the provisions of section 1, c. 212, Laws of 1903, and that, for that reason, he cannot recover.  It is not contended by respondent that the amended complaint does not state a cause of action for seduction under the common law and the statute as it existed prior to the enactment of said chapter 212, and, for the purpose of this case, we shall assume that it does state a cause of action under the law as it then existed.

By section 1 of chapter 212, Session Laws of 1903, it is provided that, in all cases of seduction, the father, mother, sisters, brothers, or any person in loco parentis may maintain an action against the seducer for the recovery of all medical attendance, nursing, and other expenses incurred upon the subsequent illness and confinement of the person seduced, together with exemplary damages; and section 2 of said act provides that the party seduced may maintain an action against her seducer for all actual damages sustained by her, and for exemplary damages.   To this act is attached an emergency clause, by which it is declared that there is no adequate provision in the statutes of this state relating to seduction.

It is the contention of respondent that the purpose of this statute was to cover the whole subject of seduction; that the remedy provided is exclusive of the common-law remedy; and that the father of a seduced daughter can no longer recover damages for the loss of services for the shame, mortification, mental suffering, and disgrace resulting from the debauchery of his daughter.

Respondent claims that the intent to abrogate the common-law rule on the part of the lawmakers is shown not only by the general language of the act, but that it is clearly indicated by the declaration found in the emergency clause; that, by the use of the clause "there is no adequate provision in the statutes of this state

relating to seduction," the Legislature renounced the common-law right of recovery and substituted the right provided by the statute in lieu of the common-law right. With this contention we cannot agree. It seems clear to us that it is the intent of chapter 212, Laws of 1903, to give a right of recovery to certain persons who could not have recovered under the common law nor under the statute as it existed prior to 1903, rather than the abrogation of any existing rights. First, it gives to certain persons, or classes of persons, enumerated in section 1, who theretofore had no right of recovery, the right to recover for all medical attendance, nursing, and other expenses incident to the illness and confinement resulting from the seduction; and, second, it gives to the seduced female herself the right, in all cases of seduction, to recover all actual damages she may have suffered because of the seduction, besides exemplary damages by way of punishment of the offender. Under the law as it existed prior to 1903, the father could recover all the items of damage enumerated in section 1 and, in addition thereto, he could also recover for loss of services and for the disgrace and humiliation resulting from the seduction. The effect of the law, then, is not to create any cause of action that did not theretofore exist, but it names new parties who might recover upon a cause of action already existing and recognized by law. The mere fact that the father, who already possessed the right of action, is enumerated with other parties who did not already have this right does not necessarily deprive him of other rights that he did possess. There is nothing in chapter 212 that conflicts with subdivision 3 of section 32 of the Civil Code, and, there being no express repeal of said subdivision, the same is still in full force and effect. The rights conferred by chapter 212 are in no wise inconsistent with the father's right of recovery as it existed under the common law, and the statute prior to 1903, for loss of service and the shame and mental suffering occasioned by the debauchery of his daughter, and the same is true with regard to the right conferred by the statute upon the injured female herself. Her right of recovery does not conflict with the right previously existing in favor of the father. Similar statutes have been enacted in other states, and it has been repeatedly held that a recovery by the daughter under those statutes is no bar to an action by the father for the same

seduction.    Bartlett v. Kochel, 88 Ind. 425; Stevenson v. Belknap, 6 Iowa, 97, 71 Am. Dec. 392.    Respondent's position is not strengthened by the language used in the emergency clause.    It will be noted that it does not declare that there is *no* provision of law relating to seduction, but there is no *adequate* provision in the *statutes* of this state.    It relates to the adequacy of the statute of this state, rather than the exisence of the statute itself.    It appears to have been the intent of the author of the statute to guard against the construction contended for by respondent, and it is our opinion that the statute in question was not intended to, and did not, abrogate the common law, nor the statute as it existed prior to 1903, nor affect the father's right of recovery for the debauchery of his daughter.

[2] For the reasons above stated, the objection to the admission of any testimony, which amounted to a demurrer to the amended complaint, should have been overruled.    But there is a further reason why the objection should have been overruled. The amended complaint sets up two causes of action—one for seduction, and one for abduction.    Chapter 212, Laws of 1903, makes no reference whatever to abduction.    This leaves the law relative thereto just as it was prior to the enactment of chapter 212, and appellant should have been permitted to submit evidence under this cause of action.

The judgment and order appealed from are reversed, and a new trial awarded.

GATES and SMITH, JJ., concur in the result only, upon the ground that the complaint states a cause of action for abduction, and that the only error of the court was in overruling the demurrer to that cause of action.    We dissent from the view that chapter 212 of the Laws of 1903 does not cover the entire subject of seduction.    We are of the opinion that said act is inconsistent with the idea that any ground of recovery for seduction remains either by statute or at common law, except as provided by said act.