THE STATE ex rel. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. JAMES ELLISON et al., Judges of the Kansas City Court of Appeals.

In Banc, June 2, 1916.

1. **NEW TRIAL: Weight Of Evidence: Discretion of Trial Court.** Trial courts have a broad discretion in passing upon the weight of evidence in their consideration of motions for a new trial. Where a trial judge exercises his discretionary power of setting aside a judgment on the ground that it is against the weight of

the evidence, his action in so doing will not be reviewed upon appeal except upon a showing that no verdict in favor of the party to whom the new trial is granted should be allowed to stand.

2. ———: ———: ———: Ruling Adversely On Motion. .Whenever the trial court has ruled adversely upon a motion for the new trial and has put its seal of approval upon the verdict in matters having reference to the weight of evidence, the verdict must be upheld if there is any substantial evidence to support it.

3. ———: Punitive Damages: Excessive: Remittitur.. Trial and and appellate courts have the same power of supervision over verdicts for punitive damages that they have over verdicts for compensatory damages, and the rule permitting either court to require a *remittitur* applies as well to punitive damages as to compensatory damages.

4. ———: ———: ———: ———: Granting New Trial. The trial court has power, upon the filing of a motion for a new trial charging that the verdict for a tort is contrary to the weight of the evidence, to require a *remittitur* of a part of the verdict for punitive damages, as a condition for overruling the motion, and upon a failure to file such *remittitur*, to sustain the motion; and its discretion in so doing will not be interfered with on appeal, if there is any substantial evidence to uphold its ruling that the jury's award of such damages is excessive.

5. ———: ———, Proof. There may be evidence of much or little malice or recklessness in the case—to be deduced from the criminality, the insolence of manner and demeanor, or the insulting words and acts of the tortfeasor, all relating themselves to the circumstances of the case, such as the age, the sex, the health of the person wronged, the weather prevailing, the time and place of the tort, the persons present thereat and the standing in affluence and influence of the tortfeasor, and this proof bearing on the quantum of punitive damages the trial judge should be left free to weigh on the hearing of a motion for a new trial just as he is to weigh any other evidentiary fact of the case, and to set aside the verdict if the punitive damages are not supported by the evidence.

6. CERTIORARI TO COURT OF APPEALS: Judgment of Supreme Court. .On a hearing of a writ of *certiorari* directed to the Court of Appeals on the ground that its decision in a certain cause is contrary to the last previous ruling of the Supreme Court on a certain question of law, the Supreme Court has no authority to render a final judgment in the original case, but all it can do is to quash the record of the Court of Appeals, state on the point of contrariety of decision the rule that ought to govern that court upon another hearing, and remand the cause to it for final hearing and determination.

*Certiorari* to Kansas City Court of Appeals.

JUDGMENT QUASHED.

*Culver & Phillip* for relator.

(1)   The assessment of punitive damages and the amount thereof rests in the sound discretion of the jury, and the court will not interfere except in flagrant cases of bias, prejudice and oppression.   Clearly a penalty of five hundred dollars against a railway company for a continuing violation of law extending over a period of more than seven years, is not an abuse by the jury of the discretion reposed in it.   Summers v. Keller, 152 Mo. App. 636; Canfield v. Railroad, 59 Mo. App. 366; Mill Co. v. Prenzler, 100 Iowa, 540; American Sand & Gravel Co. v. Spencer, 103 N. E. (Ind.) 426; Luther v. Shaw, 147 N. W. (Wis.) 18.   (2)   The trial court did not set aside the verdict because such verdict was in the opinion of the court the result of bias, prejudice and oppression, but because the amount awarded by the jury for punitive damages did not coincide with the opinion of the court as to the extent of punishment that should be imposed upon defendant for its act.   Clearly, this is an invasion of the province of the jury.   (3)   The damages allowed by the jury were extremely modest.   In cases involving no greater actual damage and where the circumstances did not so clearly disclose malice and oppression on the part of defendant, verdicts for much larger amounts have been sustained.   Trauerman v. Lippincott, 39 Mo. App. 478; Ruth v. Transit Co., 98 Mo. App. 19; McNamara v. Transit Co., 182 Mo. 676; White v. Railway, 132 Mo. App. 339; Phettiplace v. Railroad, 20 L. R. A. 483; Railroad v. Hennigh, 39 Ind. 509; Railroad v. McDonald, 53 Ind. 289; Railroad v. Kranfield, 46 So. 71.   (4) While courts have a supervisory power over verdicts for punitive damages, the court will rarely interfere with the award of exemplary damages on the ground

that such award is excessive. Luther v. Shaw, 147 N. W. (Wis.) 19. (5) Granting a new trial because the verdict is excessive is granting a new trial because the verdict is against the evidence, and this court has so held. McCloskey v. Publishing Co., 163 Mo. 32; McCarty v. Transit Co., 192 Mo. 396.

*Charles F. Strop* and *Graham & Silverman* for respondents.

(1) This court will not act by *certiorari* unless there has been a clear, real, and substantial failure by the Court of Appeals to follow the decisions of this court. State ex rel. v. Reynolds, 257 Mo. 35. (2) The reason assigned by the trial court for the granting of a new trial was that the verdict was excessive as to the punitive damages. This was a denial of all other grounds contained in the motion. Miller v. Madison Car Co., 130 Mo. 517; Gould v. St. John, 207 Mo. 631; Jiner v. Jiner, 182 Mo. App. 159. Among such other grounds alleged by relator in its motion for new trial was "that the verdict was against the weight of the evidence and unsupported by any evidence in the case." (3) The opinion of the Court of Appeals is in accord with the decisions of this court in the following cases: Brown v. Printing Company, 213 Mo. 653; Brown v. Knapp & Co., 213 Mo. 697; Hartpence v. Rogers, 143 Mo. 638; Morgan v. Ross, 74 Mo. 324; Carson v. Smith, 133 Mo. 617. (4) There is no ruling of this court in which the question decided by respondents has been presented or given consideration. If this statement is correct there can be no failure to follow the decisions of this court, and the writ of *certiorari* herein must be quashed.

FARIS, J.—This in an original proceeding by *certiorari*, to bring up the record of the Kansas City Court of Appeals in the case of H. C. Smith, appellant, v. Atchison, Topeka & Santa Fe Railway Company, respondent, lately pending in that court, and wherein the

judgment of the court *nisi* was reversed and the case remanded with directions to enter judgment below in accordance with the verdict. [Smith v. Railroad, 192 Mo. App. 210.] From this it will be seen that the appellant Smith had judgment below, which upon motion of respondent therein, was set aside and Smith appealed.

The facts in the case of Smith v. Railway are brief and these facts, together with the action of the jury and the court *nisi* therein, are thus stated by the learned Kansas City Court of Appeals in their opinion now before us:

"Plaintiff boarded defendant's electric passenger car at Gower, Missouri, for the purpose of being carried as a passenger to St. Joseph in the same State, a distance of twenty miles. He did not have a ticket, stating that he had not time to purchase one after his arrival at the station. The legal rate of fare was two cents per mile, and according to that rate he tendered the conductor forty cents for the full distance he wished to go. The conductor refused the offer and demanded sixty cents, which would be three cents per mile. Plaintiff refused to pay it and the conductor, in the presence of the passengers, told him he would stop the car and put him off. Plaintiff persisting in his refusal, the conductor stopped the car, took plaintiff by the arm and led him to the door and put him off. After being put off he stated to the conductor that he was a deputy sheriff and he 'would like to go on.' The conductor replied with an oath that he did not care who he was, he would not take him.

"Plaintiff brought an action for one thousand dollars compensatory and the same amount as punitive damages. A trial was had and a verdict returned for five dollars for the former and five hundred dollars for the latter. On motion for a new trial the court suggested that the punitive damages were excessive and that if plaintiff would remit four hundred dollars the motion for new trial would be overruled; if he did not it would

be sustained. Plaintiff refused and a new trial was thereupon granted."

The Court of Appeals, as forecast above, held that the action of the court *nisi* in granting a new trial to defendant railroad, for the failure of plaintiff Smith to enter a *remittitur* therein, was wrong, and thereupon reversed and remanded the case with directions to the trial court to enter judgment on the verdict as returned by the jury. As reasons for its action in such behalf the Court of Appeals said:

"But defendant insists that instead of looking into the record to see if there was any evidence in plaintiff's favor tending to support the verdict, we should endeavor to ascertain if there was any evidence in defendant's favor tending to support the conclusion of the trial court that the verdict was excessive. It being conceded that if a trial court granted a new trial on the ground that the verdict was against the weight of the evidence an appellate court will only look to see if there is any substantial evidence supporting the courts' order, defendant claims that there is no difference in that instance and the case at bar. It therefore claims that as there was substantial evidence in the record tending to show the punitive damages assessed by the jury were excessive, we should affirm the order granting a new trial.

"We think defendant misconceives both what the court did and what it had the power to do. In the first place the trial court did not grant a new trial to defendant because the court thought no case was made against it, or that there had been any error in the trial. The court found that plaintiff had a case, both for compensatory and punitive damages, and would have overruled the motion for new trial except the court took upon itself the duty of measuring the punitive damages and in so doing found they were too much and that unless plaintiff would remit down to one hundred dollars, a new trial would be granted. Plaintiff's refusal to do

so was the sole ground and immediate cause of granting a new trial. Therefore, as we have said, there being substantial evidence to support the verdict, it should be allowed to stand, unless the trial court properly ordered it to be reduced.

"If there is evidence in a case which tends to support a verdict for punitive damages the court cannot interfere as to the amount except it be so disproportionate to the wrong committed by the defendant as to strike all reasonable men that the jury in fixing upon the sum found, have acted corruptly, or from passion and prejudice. It is a species of allowance made to the plaintiff not because it is his due, but as a punishment to the defendant and a deterring example to others. While a plaintiff has an absolute right to compensation for a wrong committed against him, he has no absolute right to demand that the defendant be also punished. The jury may inflict the punishment, but it is left absolutely with them."

Relator contends that the judgment in said case of Smith v. Railway ought to be quashed and for naught held, for that it is contrary to the decision of this court in the case of McCloskey v. Publishing Co., 163 Mo. 22, and other cases ruled by us, which either expressly or tacitly followed the McCloskey case.

Toward an ascertainment and discussion of this contention what we say below will be directed.

I. Our statute (Sec. 2022, R. S. 1909), and the decisions of all of the appellate courts construing it, have been peculiarly benevolent and encouraging to the trial courts in the matter of giving such courts a broad discretion in passing upon the weight of the evidence in their consideration of motions for a new trial. The statute is definitely expressive of a few phases of the court's inherent powers, and our own rulings upon it are so sanctified by age and uniformity as to have become

Discretion of Trial Court.

almost elementary. Regardless of the seeming weight of the evidence opposed to the action of the court *nisi* in setting aside a verdict of a jury on this ground, we do not interfere so long as there is any substantial evidence to bolster up the trial court's action. It is only when, had the verdict been the other way about, we would not for lack of supporting evidence have permitted it to stand, that we interfere with the trial court's discretion.

In a late case in Banc, Lyons v. Corder, 253 Mo. l. c. 561, BOND, J., properly and succinctly stated the trial court's powers in these behalves thus:

"The law is well settled in this State, that where a trial judge exercises his discretionary power of setting aside a judgment on the ground 'that it is against the weight of the evidence,' his action in so doing will not be reviewed except upon a showing that no verdict in favor of the party to whom the new trial is granted would be allowed to stand. In which event, the exercise by the trial court of his power to grant a new trial although put upon a discretionary ground, is deemed to be unjudicial, and it is the duty of this court to reverse his ruling in that respect. [Foley v. Harrison, 233 Mo. l. c. 507, 508; Smoot v. Kansas City, 194 Mo. l. c. 532; Casey v. Transit Co., 186 Mo. l. c. 232; Fitzjohn v. Transit Co., 183 Mo. l. c. 78, 79, 80.]"

II.   But the moment the trial court has ruled adversely upon the motion for a new trial and has thus put the seal of its approval upon the verdict of the jury, the point of view of the appellate court upon matters having reference to the weight of the evidence, changes diametrically and all presumptions are to be exercised in favor of the verdict (Gould v. St. John, 207 Mo. 619), and *it must be upheld* if there is any substantial evidence to uphold it. Hence, the seeming contrariety of ruling and the futility of citing cases which rode off

*When New Trial Is Denied.*

upon the latter point in aid of a state of facts in which the former point is presented. For it is manifest that when an appellate court is discussing the propriety of the action of a trial court in overruling a motion for a new trial, which motion is bottomed on the contention that there is no substantial evidence to sustain the verdict, we again apply the same test (but from the wholly converse standpoint) of whether there is any substantial evidence to sustain the action of the court and jury. [State ex rel. v. Ellison, 256 Mo. l. c. 661.]

Generalizing thus for premises, we come to the only two points which we find it necessary to discuss, viz.: (a) what power, if any, has the trial court over a verdict for punitive damages? and (b) does the determination of the excessiveness of such a verdict so far involve an examination into the weight of the evidence as to permit the full application of the well-settled rule above set out?

III. At common law the rule is said to have been that unless the amount of exemplary damages awarded by a jury was so outrageous as to "so impress all mankind at first blush," the court had no power to interfere. [Hanna v. Sweeney, 78 Conn. 492.] But it has never been the law that it was not within the province of the trial court to say whether or not the facts shown warranted as a matter of law the awarding of punitive damages. The determination of this matter has been always one of law for the court. [13 Cyc. 118.] However, we cannot find that in this State juries have ever been allowed so comprehensive a power to award damages of this sort as they were allowed at common law. In a very early case here the jury awarded plaintiff the sum of $800, largely as punitive damages. The trial court seems to have required (the opinion says "suggested") a *remittitur* of $350, rendering judgment for the balance. This court said: "In this case exemplary

*Remittitur of Punitive Damages.*

damages were permissible, but that would not justify arbitrary damages, growing out of the caprice or prejudice of the jury. But we must see that manifest injustice has been done before we would be authorized to interfere." [Walser v. Thies, 56 Mo. 1. c. 92.]

This rule does not in the last analysis differ so very greatly from the rule defining the power of the court to require the entry of a *remittitur* for excessiveness of a part of an award of compensatory damages, as a condition of the approval of the verdict. It is difficult to see any reason for any distinction, except the procedural one arising from the inherent difficulty of proving the fact of excessiveness. For compensatory damages are obviously more often capable of certain and exact determination than are punitive damages. Sometimes compensatory damages are determinable with mathematical accuracy; while punitive damages, being bottomed on the malice (express or implied), or on the wantonness, of the tortfeasor's act, are always impossible of exact measurement and determination.

But be this as may be, the modern rule in this (Cook v. Globe Printing Co., 227 Mo. 471), as well as in a great majority of other jurisdictions, is trending toward the fixed view that trial and appellate courts have the same power of supervision over the one sort of damages as they have over the other sort. [8 R. C. L. 680, 681.] The differences are only in degree, growing out of difficulties met by the courts in exercising this power. [Sperry v. Hurd, 267 Mo. 628.]

In the late and most excellent compilation of the concensus of leading cases above cited, it is said upon this question:

"It is difficult to lay down any rule by which to test the question of excess in a verdict for punitive or exemplary damages. At common law the amount was left almost entirely to the jury, and the courts generally refused to grant a new trial on the ground that

the award was excessive, and would do so only in a glarino case of outrageous damages, and which all mankind at first blush must think so. It is now generally held, however, that the jury is not at liberty, unrestrained, to award by way of punitive damages any amount, regardless of how large» it may be. While their verdict will not be set aside unless it is so large as to satisfy the court that it was not the result of an honest exercise of judgment, an award of exemplary damages is subject to revision by the court to the same extent as awards of compensatory damages, and will be set aside if it is grossly excessive or appears to be the result of passion or perjudice or improper sympathy. The court will not interfere except in extreme cases, however, and where it appears that an injustice has been done, and, perhaps, will proceed with more caution in such a case than where only compensatory damages are involved." [8 R. C. L. 680, 681.]

IV. Coming back to the rule we state above, which is, to-wit, that an appellate court should sustain the action of a trial court in granting a new trial on the weight of the evidence below in all cases wherein the verdict would have been by an **Same Rule as Compensatory and Punitive Damages.** appellate court allowed to stand if such verdict has been in favor of the party to whom the new trial was granted, we come to the other point involved herein and above reserved, viz: Does this same rule apply, and do appellate courts hold toward the courts *nisi* the same benevolent and encouraging attitude in a case wherein a new trial is granted because the verdict awards excessive punitive damages? On principle we think this rule ought to, and does apply. While we have said but little on this point, that little sustains this view. In the case of McCloskey v. Publishing Co., 163 Mo. l. c. 32, it was said:

"So we are of opinion that the ground of excessive damages, as a reason why defendant should be granted a new trial, is covered by the second, third and fourth grounds of defendant's motion for a new trial.

"The second ground asserts that there was no evidence whatever authorizing the verdict for compensatory damage, and that the verdict should have been for nominal damages only.

"The third ground asserts that there was no evidence whatever to support the verdict for punitive damages.

"That is, in both these grounds it is in effect declared that the verdict for compensatory, as well also as for punitive damages, was excessive. It, therefore, logically follows that where the motion for a new trial asserts that the defendant was only entitled to nominal damages, that any damages over and above nominal damages are excessive.

"So with the fourth ground, which asserts that the verdict was against the law and the evidence, it is clear that if the damages are excessive, the verdict was againt the evidence.

"While it is true that appellate courts are very slow to grant new trials solely upon the ground that verdicts are excessive, it is also true, that they defer very largely to the action of the trial courts with respect to such matters, and that a judgment is rarely ever reversed upon the ground of the unwarranted exercise of the power of such courts under such circumstances.

"But where it is manifest that a verdict is excessive, the court is remiss in its duty if it does not, upon motion, set it aside and grant a new trial, and this duty rests almost entirely within the province of the trial court, and this court will not interfere with the exercise of such discretion unless it appears to have been unreasonably or arbitrarily exercised."

We are forced to conclude that the views expressed by the learned Kansas City Court of Appeals in the excerpt quoted above from their opinion, are not in accord with what we held in the McCloskey case. It would seem that there can in reason be no difference between a verdict which is not supported by the evidence as to the amount thereof, and one which is not supported by the evidence at all. It is manifest, at least, that the difference lies solely, in degree, and the same rule ought to control. A verdict is to be upheld or not, according as there is evidence or not to uphold it; surely, it will not be contended that absent any evidence, a verdict in any sum would be sustained by any court. On the contrary, a verdict of almost any size might be sustained if only there be sufficient evidence to support it.

There may be evidence in the case of either much or little malice, or recklessness; all to be deduced from the quantum of the criminality, or from the insolence of manner and demeanor, or from the insulting words and acts of the tortfeasor, and the facts and circumstances of the case—the age, or sex, the health or lack of it, of the person wronged or injured; the weather prevailing and the time and place of the tort complained of; the persons present thereat, and the standing in affluence and influence of the doer of the tort. All these things, or any one or more of them, may be pertinent as evidence in the case. They are developed upon the trial in front of the trial judge, and he ought to be left by us as free to weigh them on the hearing of a motion for a new trial as he is to weigh any other fact or issue in the case? If any general criticism were pertinent it would seem to be that as a rule the learned *nisi prius* judges exercise their great and inherent powers of control to prevent injustice too little, rather than too much.

It follows that in our opinion the trial court had the right to set this verdict aside on the ground that

the weight of the evidence in the whole case did not support the amount of punitive damages found by the triers of fact, and that our learned brethren of the Kansas City Court of Appeals applied to the determination of the correctness in that behalf of the action of the court *nisi,* an erroneous test. That test should have been whether on the whole case there was any substantial evidence to support the action of the court *nisi.*

V.   We are urged by relator's learned counsel to quash the judgment of the Kansas City Court of Appeals and render now and here final judgment in the case of H. C. Smith, appellant, v. Atchison, Topeka & Santa Fe Railway Co., respondent, 192 Mo. App. 210. Absent a statute so permitting—and we have none— we have no earthly power to do this. We can undo what the Court of Appeals has done; we can state on the point of contrariety of decision the rule which in our opinion ought to govern that court upon another hearing, and we can send the record back to them to be heard anew by them (Majestic Mfg. Co. v. Reynolds, 168 S. W. 1072), but in the Kansas City Court of Appeals alone lies the jurisdiction to hear and to correctly and finally determine the case to which the instant proceeding is ancillary.

Let the judgment of the Kansas City Court of Appeals in the case of Smith v. Atchison, Topeka & Santa Fe Railway Company be quashed and for naught held. All concur, except *Bond, J.,* who dissents as to the result only.