Vol. 313]     OCTOBER TERM, 1925.          681

State ex rel. Car & Foundry Co. v. Daues.

# THE STATE ex rel. AMERICAN CAR & FOUNDRY COMPANY v. CHARLES H. DAUES et al., Judges of St. Louis Court of Appeals.

### In Banc, April 9, 1926.

1. **CERTIORARI: Conflict of Opinions: Excessive Damages.** This court has never ruled that, where the proof offered by plaintiff tended to show that plaintiff's eye prior to the injury was in every respect a good eye and that all the injury to it was caused by defendant's negligence, and defendant offered proof tending to show that plaintiff's eye was previously defective and defendant's negligence had not injured it at all, but its loss of sight was due wholly to pre-existent trachoma, an award of $3,000 by the jury for a loss of seventy-five per cent of the sight of the eye was excessive, it being admitted or the uncontradicted evidence showing that its sight was impaired to that extent. And the opinion of the Court of Appeals, holding that, the only issue at the trial being whether the loss of sight to the eye was wholly due to defendant's negligence or was entirely due to pre-existing disease or causes, the trial court abused its discretion in setting aside the jury's verdict for $3,000 on the ground that it was excessive, did not contravene any previous ruling of this court.

2. ———: ———: ———: **Where Sole Issue Relates to Cause of Injury.** The sole issue being whether the defendant alone was responsible for the loss of sight of plaintiff's eye, and that issue having been found in favor of plaintiff, and it being admitted or reasonably deducible from the uncontradicted evidence that an award of $3,000 for the loss of seventy-five per cent of the sight of an eye is not excessive, it never has been decided by this court that the granting of a new trial on the ground that the award was excessive was not an abuse of the discretion of the trial court; and the Court of Appeals in ruling that a new trial could not be granted under such circumstances, but the verdict of the jury should be reinstated, contravened no prior decision of this court.

3. ———: ———: **Jurisdiction: Province of Courts.** A court of appeals is a court of last resort when it acts within its appropriate jurisdiction; it exceeds its jurisdiction if, in deciding a case, it announces a rule or principle of law which conflicts with a controlling decision of this court; but if its ruling, in a case of which it otherwise has jurisdiction, in no wise conflicts with some rule or prin-

ciple previously laid down by this court upon the same or a smilar state of facts, this court cannot quash its opinion on *certiorari*, whether or not this court agrees with its conclusions.

4. ――――: ――――: **Facts.** In a *certiorari* directed to a court of appeals based on an allegation that its rulings conflict with previous decisions of this court, it is conclusively presumed that respondents have in their opinion correctly stated the facts on which their ruling is based. Where in their opinion they state that the only issue tried was whether the injury to plaintiff's eye was caused by defendant's negligence; that defendant denied that the injury was caused in any degree by its act, and introduced expert evidence tending to show that the loss of sight was wholly due to trachoma of long standing; and that plaintiff introduced expert evidence tending to show that he had never had such disease, that his eye sight was unimpaired prior to the accident, and that the loss of sight was due entirely to defendant's negligent act, those facts, so stated in the opinion, will be accepted as true by this court, and this court will not say that there was evidence tending to prove that defendant was only partly responsible for the condition of plaintiff's eye.

Courts, 15 C. J., Section 26, p. 730, n. 50; Section 511, p. 1079, n. 42; Section 516, p. 1090, n. 39.

## ·Certiorari·.

WRIT QUASHED.

*Watts & Gentry* and *Arnot L. Sheppard* for relator; *G. A. Orth* of counsel.

(1) This court has announced the rule to be that where a trial court has granted a new trial because the verdict of the jury was excessive, such action of the trial court should be upheld if there is any substantial evidence to support it. Respondents' opinion directly conflicts with the rule laid down by this court in the following cases: State ex rel. Ry. Co. v. Ellison, 268 Mo. 225; Spivack v. Bakery Co., 214 S. W. 168. (2) The opinions of this court hold that where the trial court grants a new trial because of the excessiveness of the verdict, its action

State ex rel. Car & Foundry Co. v. Daues.

must be considered by the appellate court in the same light as though a new trial had been granted because the verdict was against the weight of the evidence. Respondents' opinion failed to follow that rule and is in direct conflict with it, as announced in: State ex rel. Ry. Co. v. Ellison, 268 Mo. 225; Spivack v. Bakery Co., 214 S. W. 168; McCloskey v. Pub. Co., 163 Mo. 22. (3) Respondents' opinion is grounded upon the theory that where there is substantial evidence to support the original verdict which has been set aside by the trial court because of its excessiveness, the court's action amounts to an abuse of discretion. The rule as announced by this court is exactly to the contrary, viz., that where there is substantial evidence which would have supported a verdict for the opposite party had the jury found in his favor, the action of the trial court in granting the new trial should be sustained. In so holding, respondents' opinion is in direct conflict with the rule announced by this court in the case of State ex rel. Ry. Co. v. Ellison, 268 Mo. 225. (4) The opinion of respondents proceeds upon the theory that when passing upon the propriety of the action of the trial court in sustaining the motion for a new trial the same rule should be applied as when passing upon the action of the trial court in overruling the motion for a new trial. This holding conflicts with the following last and controlling decisions of this court: State ex rel. Ry. Co. v. Ellison, 268 Mo. 225; State ex rel. v. Ellison, 256 Mo. 661.

*N. Murray Edwards* and *Douglass, Inman & Horsefield* for respondents.

(1) The opinion of the Court of Appeals does not contravene any well-established principle of law based upon the facts set out in the opinion of the Court of Appeals as declared by this court in any of the cases cited by relator. (2) Where a trial court in granting a new trial abuses its discretion, or, acts arbitrarily, such action will be reviewed by an appellate court. Borach v.

Mosler Safe Co., 288 Mo. 83. (3) A verdict of three thousand dollars is not excessive for the loss of seventy-five per cent of the sight of an eye by a young man the age of plaintiff, as has been repeatedly held by this court and the courts of appeals. See cases cited in opinion of Court of Appeals.

BLAIR, C. J.—This is an original proceeding in *certiorari* whereby the relator seeks to quash the opinion of respondents in the case of Cobb v. American Car & Foundry Company, reported in 270 S. W. (Mo. App.) 398. Cobb recovered a judgment against relator in the sum of $3,000 on account of alleged injury to his eye through alleged negligence of relator. The trial court required Cobb to remit $1,000 of the damages awarded by the jury, on the ground that the verdict was excessive, or suffer a new trial. Cobb refused to make such *remittitur*. A new trial was thereupon granted to relator. Cobb appealed to the St. Louis Court of Appeals. That court reversed the order granting such new trial, and remanded the case to the trial court with directions to reinstate the verdict and enter judgment in accordance therewith.

It is the contention of relator that the opinion of respondents contravenes certain controlling decisions of this court, and it asks that such opinion be quashed. Said opinion is quite brief and we quote it practically in full, as follows:

"The sole question brought here for review is whether or not the learned trial judge abused his discretion in granting a new trial on the ground that the verdict was excessive. There is no controversy but that the sight of plaintiff's left eye is but twenty-five per cent of normal, or, in other words, that the plaintiff has lost seventy-five per cent of the sight thereof. The record discloses, however, a sharp conflict in the testimony adduced on behalf of the plaintiff and that adduced on behalf of the defendant as to the cause of the loss of sight. Plaintiff and his experts testified to facts tending to

show that plaintiff's loss of sight is the result of an injury to his eye received in defendant's plant, while he experts of the defendant testified to facts tending to show that whatever loss of sight plaintiff suffered was due to trachoma, a disease which plaintiff had been afflicted with long prior to the time that plaintiff was hurt in defendant's plant.

"Under the record, then, the real question in issue was whether the loss of sight in plaintiff's left eye was entirely due to the injury alleged to have been sustained at defendant's plant, or whether the loss of sight was entirely due to trachoma, a disease which plaintiff admitted he had been suffering with for years. In the light of the sharp conflict in the testimony on this question the issue was peculiarly one for the jury, and they determined it in plaintiff's favor. Having done so, we can but rule that the verdict of $3,000 for the loss of seventy-five per cent of the vision of an eye of a man twenty-nine years of age, in good health, and with good sight up to the time of the alleged accident, is not excessive.

"The trial court did not set aside the verdict herein as against the weight of the evidence, but sustained the motion for new trial (plaintiff having failed to enter a *remittitur*) on the ground that the verdict was excessive. Therefore the trial judge must necessarily have been of the opinion that there was substantial evidence adduced that plaintiff met with his injury as set out in his petition, and that the verdict was not against the weight of the evidence. In this state of the record, it may well be said that the only question to be considered on this appeal is whether or not a verdict of $3,000 is excessive for the loss of seventy-five per cent of the sight of an eye of a man twenty-nine years of age.

"We fully appreciate the rule that it is peculiarly within the province of the trial judge to set aside a verdict which is excessive, and particularly so in cases where the extent of the injury or disability is disputed. One of the reasons assigned for the rule is that the trial judge has an opportunity of being present throughout the

trial, hearing the testimony of all the witnesses, and observing their manner in testifying. In the instant case, however, since the order of the trial court clearly shows that in his view there was substantial evidence to support a verdict on the issue of fact in plaintiff's favor (and the record does abundantly so show), and there is no dispute but that the plaintiff has lost seventy-five per cent of the sight of his left eye, we are of the opinion and it becomes our duty to rule that the verdict of the jury, namely, $3,000, was not excessive, and that the learned trial judge abused his discretion in setting aside the verdict on the ground that it was excessive. [Heeter v. Boorum & Pease Loose Leaf Book Co., 237 S. W. 902, and cases therein cited.] See, also, as to size of verdict, Knott v. Missouri Boiler & Sheet Iron Works, 299 Mo. 613, l. c. 641, 253 S. W. l. c. 758; Adams v. Ry. Co., 287 Mo. l. c. 554, 229 S. W. 790; Laycock v. United Rys. Co., 290 Mo. 344, 235 S. W. 91.''

Respondents made it very clear that they were distinguishing the case before them from cases where the evidence upon the extent of the injuries sustained is conflicting and a *remittitur* has been ordered by the trial court. Respondents held that there was no controversy that Cobb had sustained the loss of seventy-five per cent of the sight of his left eye and that the sole controversy in the trial court was concerning the cause of such loss of sight. That is to say, that there was no issue in the trial court that the loss of sight was partly due to trachoma and partly the result of the injury there in question. Relator makes no contention that respondents' ruling that $3,000 is not an excessive award of damages for the loss of seventy-five per cent of the sight of one eye conflicts with any controlling decision of this court. The cases cited in respondents' opinion well support the amount of the award made by the jury, if such loss of sight was due solely to the alleged injury.

Relator contends that respondents' opinion conflicts with State ex rel. A. T. & S. F. Ry. Co. v. Ellison, 268 Mo. 225, and McCloskey v. Pulitzer Publishing Co., 163

Mo. 22.  In State ex rel. v. Ellison, the plaintiff below had
been put off a train for failure to pay fare at a rate of
more than two cents per mile.  He recovered $5 com-
pensatory and $500 punitive damages.  The trial court
required a *remittitur* of $400 of such punitive damages
on the ground that the amount awarded by the jury was
excessive.  Plaintiff refused to remit and a new trial
was granted.  The Kansas City Court of Appeals re-
versed the judgment of the trial court and directed that
judgment be entered upon the verdict.  The Court of
Appeals so ruled because, as it said, "If there is evidence
in a case which tends to support a verdict for punitive
damages the court cannot interfere as to the amount ex-
cept it be so disproportionate to the wrong committed by
the defendant as to strike all reasonable men that the jury,
in fixing upon the sum found, have acted corruptly, or
from passion and prejudice.  It is a species of allowance
made to the plaintiff not because it is his due, but as a
punishment to the defendant and a deterring example to
others. While a plaintiff has an absolute right to compen-
sation for a wrong committed against him, he has no ab-
solute right to demand that the defendant be also pun-
ished.  The jury may inflict the punishment, but it is
left absolutely with them."

This court en banc quashed the opinion of the Kansas
City Court of Appeals.  It was first held, in harmony
with all the cases, that the action of a trial court in set-
ting aside a verdict as being against the weight of the
evidence will not be reviewed except upon a showing
that no verdict in favor of the party to whom the new
trial was granted would be allowed to stand.

This court then considered whether an award of puni-
tive damages could be reduced when deemed excessive.
Judge Faris said:

"But be this as may be, the modern rule in this (Cook
v. Globe Printing Co., 227 Mo. 471), as well as in a great
majority of other jurisdictions, is trending toward the
fixed view that trial and appellate courts have the same
power of supervision over the one sort of damages as

they have over the other sort. [8 R. C. L. 680, 681.] The differences are only in degree, growing out of difficulties met by the courts in exercising this power. [Sperry v. Hurd, 267 Mo. 628.]''

It thus appears that wherever the amount of the damages to which a plaintiff is entitled, whether compensatory or punitive damages, is an issue upon which the evidence conflicts, the trial court's discretion in compelling a *remittitur* and granting a new trial, if such *remittitur* is not made, will not be interfered with, unless such interference would be justified where a new trial had been granted because the verdict was against the weight of the evidence.

But there was nothing said in State ex rel. v. Ellison, supra, which intimates that the trial court has the right to compel a *remittitur*, or grant a new trial if such *remittitur* is not made, where the extent of the disability suffered is admitted, or at least not controverted, and the damages assessed are not excessive for such disability, if defendant's act was the cause of all of such disability.

Let us suppose a case which may make respondents' position, as we understand it, a little more clear. A sues B in damages for an injury caused by the act of B in assaulting A and striking him in the eye with a rock, resulting in the loss of the eye. A's proof tends to show that the rock was thrown by B and that such rock struck him in the eye and caused all of the injury. The loss of the sight of the eye is admitted, or at least the proof as to such loss is uncontradicted. B denies that he struck A with a rock and offers testimony tending to prove that A was engaged in an entirely different and unconnected fight with C a few minutes before he fought with B and that in the former fight C struck A in the eye with a stick and caused all of the injury to A's eye. The jury finds for A against B, thus finding that B caused the injury to the eye, and assessed A's damages at a sum well within approved precedents as to such an injury.

The sole issue then was whether B or C inflicted the injury.

If there had been proof by B, or by either party for that matter, that B had struck A in the eye, but that the injury which he inflicted was only trivial and that a part of the injury had been previously inflicted by C, it would be a case where the trial court might have found that the award of damages against B was excessive, if that court deemed the weight of the evidence tended to prove that B was responsible for only a part of A's injury. But, as the proof offered by A was that B's act caused all of the injury and B's proof tended to show that C's act caused all of the injury and the damages awarded were not excessive for the injury received, whether caused solely by B or caused by C, the trial court was not authorized to grant a new trial on the ground that the award of damages, not the finding of B's responsibility therefor, was against the weight of the evidence.

Such appears to us to be the position taken in respondents' opinion. It does not appear from the opinion that there was any proof offered by relator that Cobb's injury was partly due to disease and partly to an injury, for which relator was responsible, if its act was negligent. As we understand the opinion, relator denied that the injury was caused in any degree by its act. It introduced proof only upon the subject of the cause of the condition of Cobb's eye, to-wit, that such condition was solely due to trachoma of long standing and was not in any respect, or as to any part thereof, due to an injury inflicted by relator.

So far as we are aware, this court has never applied the rule applicable where verdicts have been set aside as being against the weight of the evidence to a state of facts similar to that stated by respondents in their opinion. Conflict of opinion, therefore, does not appear.

It must not be forgotten that a court of appeals is a court of last resort, when it acts within its appropriate jurisdiction, to the same extent that this court is

313 Mo.—44.

a court of last resort, when it acts within its appropriate jurisdiction. The test is not whether we agree with the conclusion reached by the Court of Appeals, but the test is, did the Court of Appeals, in reaching the conclusion it reached, announce any rule or principle of law which conflicts with a controlling decision of this court? If it did, it exceeded its jurisdiction, because it is its constitutional duty to follow the decisions of this court. In such case, we may exercise our power of supervisory control and quash the judgment of the Court of Appeals. If that court did not announce any rule or principle which conflicts with some rule or principle previously laid down by this court upon the same or similar state of facts, we are without power to quash its judgment, no matter how incorrect we may deem the rule or principle laid down by it. The power of a court to decide a case necessarily implies its power to decide such case erroneously, as well as correctly.

We have carefully studied the case of McCloskey v. Pulitzer Publishing Co., supra. It is not contravened by respondents' opinion. There was proof in that case that the newspaper acted in good faith in publishing the article presented by plaintiff's wife and the evidence tended very strongly to prove the truth of the statements contained in the published article. Upon a former trial the jury had found for defendant. Publicity had been given the same matter during the trial of a divorce proceeding between plaintiff and his wife. There was no evidence of actual malice or recklessness on the part of defendant in publishing the article in question. Upon such a state of facts we held that it was proper for the trial court to find that the award of punitive damages made by the jury was excessive and against the weight of the evidence. No rule or principle was laid down by this court in the McCloskey case with which anything said by respondents in the case at bar conflicts. The facts are not in any way similar.

There is nothing in Spivack v. J. Hahn Bakery Co., 214 S. W. (Mo. Sup.) 166, which need be considered at

any length. There was a verdict for defendants in a suit for damages for the death of plaintiff's child. The judgment for defendant was set aside by the trial court upon the motion of plaintiffs on the ground that the verdict of the jury was against the weight of the evidence. Brown, C., restated the well known and thoroughly established rule that where there is substantial evidence which would sustain a verdict for the party against whom the jury decided the issues, had the jury decided for that party, we are not authorized to interfere with the discretion of the trial court in setting aside the verdict, for the reason that the trial court deemed the verdict the jury did return to be against the weight of the evidence.

There is nothing in State ex rel. Iba v. Ellison, 256 Mo. 644, cited by relator, as having been contravened by respondents' opinion, which aids relator's case. It is in line with the other cases we have considered which hold that we are not authorized to interfere with the exercise by the trial court of its discretion in granting a new trial when the verdict is deemed to be against the weight of the evidence, unless we can say that a verdict for the party to whom the new trial was granted could not have been justified under the evidence.

Relator argues that respondents have confused the foregoing rule with the rule that this court will not reverse a case upon the weight of the evidence in a law case where the trial court has refused to set the verdict aside as being against the weight of the evidence. No such confusion appears in respondents' opinion, and no conflict of opinion is therefore engendered between such opinion and the cases announcing the rule last stated.

There is no merit in relator's contention that respondents' opinion conflicts with Mahany v. Kansas City Rys. Co., 228 S. W. (Mo. Sup.) 821, or O'Leary v. Scullin Steel Co., 260 S. W. (Mo. Sup.) 55, in holding that the expert medical evidence introduced by Cobb was sufficient upon which to base the verdict that Cobb's injury was caused by the happening at relator's plant. Respond-

ents said nothing in their opinion which could possibly be said to conflict with anything said by this court in those cases. Nothing whatever was said about the sufficiency or the insufficiency of the character of the testimony of the experts offered by Cobb or by relator as to the cause of the impairment of Cobb's eyesight. Respondents merely said that the proof by experts that Cobb's loss of vision was due entirely to injury was in direct conflict with the proof by other experts offered by relator that such loss of vision was entirely due to trachoma. If the trial judge had granted relator a new trial because the finding that Cobb's loss of eyesight was due to the injury was against the weight of the evidence, the effect of the rule announced in the O'Leary case and in Gannon v. Laclede Gas Light Company, 145 Mo. 502, might require consideration.

In its reply brief relator calls attention to State ex rel. Boeving v. Cox, 276 S. W. (Mo. Sup.) 869. We are unable to see how anything decided in that case throws any light upon the case at bar. We there held that the Court of Appeals will be deemed to have considered and passed upon a question in the case vital to the decision reached, whether that court discussed the question or not and that its conclusion was in harmony with the result reached. Here respondents did not fail to consider the vital issue. They did consider it and said that the proof on the one hand was that the injury was entirely due to injury and on the other entirely to disease. In this proceeding it is conclusively presumed that respondents have correctly stated the facts in that respect. We have no right to say that there must have been evidence tending to prove that relator was only responsible in part for the condition of Cobb's eye.

As we do not deem respondents' opinion to be in conflict with any rule or principle announced by this court upon the same or a similar state of facts, it results that our writ was improvidently issued and should be quashed. It is so ordered. All concur.