## HUDSON et al. v. MARYLAND CASUALTY CO.

Circuit Court of Appeals, Eighth Circuit.
November 8, 1927.

No. 7657.

**1. Courts ⬤═366(1)—Decision construing state statute must be by highest court of state, to be binding on federal courts.**

Federal courts will follow the state courts of last resort in construction of a state statute, but such construction must be by the highest court of the state, to be within the rule.

**2. Courts ⬤═366(1)—Decisions of Missouri appellate courts, construing state statute, held not binding on federal court.**

The highest court in Missouri is the Supreme Court, and, though there are regional appellate courts, whose decisions are final and not of right reviewable by the Supreme Court, their decisions construing a state statute are not authoritative, and not binding on the federal courts.

**3. Mechanics' liens ⬤═214—Creditor held not to lose right to lien by reducing his claim to judgment.**

Under the mechanic's lien law of Missouri, a creditor entitled to a lien does not lose the right by reducing his claim to judgment.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Fred S. Hudson, trustee in bankruptcy, and others, appeal from an order sustaining a mechanic's lien in favor of the Maryland Casualty Company. Affirmed.

Henry A. Bundschu, of Kansas City, Mo. (Leon M. Bailey and Wilson, Bundschu & Bailey, all of Kansas City, Mo., on the brief), for appellants.

Clyde Taylor, of Kansas City, Mo. (Spencer Harris, of Kansas City, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

STONE, Circuit Judge. This is an appeal from an order in a bankruptcy proceeding allowing a claim for over $28,000 and sustaining a mechanic's lien therefor on certain property of the bankrupts.

There is but one point of dispute and that is as to the allowance of the mechanic's lien. As to that matter, the situation is as follows: The Kaw Boiler Works Company furnished certain construction material to the bankrupts which was used in Missouri. It thereafter brought suit on this account in the Kansas state court, suing out an attachment and a garnishment in aid thereof. To secure release of the attachment and garnishment, the bankrupts gave a bond with the Maryland Casualty Company as surety. That case proceeded to judgment in favor of the plaintiff, whereupon the surety company paid the amount of the judgment and took an assignment thereof. During the pendency of the above suit, the Kaw Boiler Works Company filed its account and claim of mechanic's lien in Missouri in accordance with the laws of that state. After the above matters had transpired, the bankruptcy proceedings occurred. In the bankruptcy proceedings, the Kaw Boiler Works Company and the Maryland Casualty Company were ordered to appear and set up any claims either might have against the bankrupts. They did this by intervention setting out the facts and asking allowance of the claim in full with interest and of the mechanic's lien in support thereof.

The contention of the trustee (appellant) is that, under the Missouri law, mechanic's lien is based upon the account; that a judgment upon the account merges it; that after an account has been so merged into a judgment, it cannot be the basis of a mechanic's lien.

The argument in favor of this contention is that the Missouri courts of last resort have determined that an account merged into a judgment can no longer be the basis of a mechanic's lien, under the laws of that state; that the mechanic's lien law depends upon the state statute of Missouri; that the federal courts are bound by the construction of state statutes by the courts of last resort of the state; that, irrespective of whether the federal courts are bound by these Missouri decisions, they should be followed to prevent conflict and in harmony and because they are right in principle.

[1, 2] That the federal courts will follow the state courts of last resort in construction of a state statute is true. It is also true that this rule is emphasized where such statute deals with or affects property rights. This principle is well illustrated in adjudicated cases dealing with mechanic's lien statutes of the states (Haskell v. McClintic-Marshall Co., 289 F. 405, 410, Ninth Circuit; Morgan v. First National Bank, 145 F. 466, 472, Fourth Circuit; In re Grissler, 136 F. 754, 756, Second Circuit). Therefore, the present contention reduces itself to what the courts of last resort of Missouri have determined or, if there is no such determination, what rule should be announced by this court. Appellant cites several decisions of the state Courts

of Appeals which seem to announce the doctrine as contended for by him, but appellee cites a later opinion (Matthews v. Stephenson, 172 Mo. App. 220, 157 S. W. 887), which seems to hold to the contrary. Therefore, even though the Courts of Appeals in Missouri be regarded as courts of final resort in the sense that their decisions are to be followed by the federal courts, the rule contended for by appellant seems overthrown or, at the least, doubtful. If it is doubtful, we must determine the matter independently. It is true that for some purposes and in some senses these Courts of Appeals are courts of final resort. There is no *positive right* to a review of their decisions by the Supreme Court of the state. In that sense their decisions are final and in that sense the Supreme Court of the state has referred to them as courts of "last resort" (State ex rel. Winters v. Trimble [Mo. Sup.] 290 S. W. 115, 117; State ex rel. Koenen v. Daues [Mo. Sup.] 288 S. W. 14, 15; State ex rel. American Car & Foundry Co. v. Daues, 313 Mo. 681, 282 S. W. 389, 391).

But the rule now invoked is one of federal procedure and its meaning must be sought in its purpose. That purpose is for federal courts to apply the state statute as that statute has been authoritatively declared by the highest court of the state. Until the court of last resort, as personified by the highest state court which can speak upon the subject, has spoken, there can be no such finality of decision as required by the rule. The highest court of Missouri is the Supreme Court. Its decisions are controlling upon the three Courts of Appeals of that state (Const. Mo. art. 6 [Amendment of 1884], § 6) and decisions of such Courts of Appeals have not the force of *stare decisis* with the Supreme Court (Sedalia v. Donohue, 190 Mo. 407, 415, 89 S. W. 386, 4 Ann. Cas. 89; Paddock v. Railway, 155 Mo. 524, 534, 56 S. W. 453), nor even as establishing the "law of the case" (Paddock v. Railway, 155 Mo. 524, 534, 56 S. W. 453; Hennessy v. Brewing Co., 145 Mo. 104, 115, 46 S. W. 966, 41 L. R. A. 385, 68 Am. St. Rep. 554). That the Supreme Court of the state has jurisdiction to construe the mechanic's lien statute of that state is unchallenged. Such matters would go to that court were the necessary amount involved. In this instant case, such review would have been by the Supreme Court had the trial been in a state court. Each of these Courts of Appeals has a separate geographical jurisdiction and a decision by one such court is binding only within its jurisdiction. Where these courts disagree, there is a divergence of authority even within the state and such differences have occurred. No one nor all of them can *finally* announce the law of the state, only the Supreme Court of the state can do that. This court has great respect for the opinions of the learned judges of these Courts of Appeals and will always give careful attention to the reasoning in their opinions but persuasive force of reasoning and binding authority of decision are different matters based upon different considerations. The harmony of decision desirable and sought by the federal rule of construction is harmony with the law as declared for the entire state by the highest state court which could determine the matter. In our judgment, the Courts of Appeals of the state of Missouri are not such courts.

[3] We conclude that the question is open as there is no direct decision of the state Supreme Court upon the matter here involved. We have carefully examined and considered all of the Missouri cases (in the Courts of Appeals) and many cases, from other states, dealing with similar questions respecting mechanic's lien statutes. Such statutes are beneficent and intended to secure the payment for labor or materials put into various kinds of structures. The general principles running through such statutes and the resulting decisions is that payment of such character of indebtedness is desirable; that such security as may be afforded by a lien can be assured to the creditor through the formal steps prescribed in the particular statute. The main purpose of such statutes is to secure payment of the indebtedness. We can see no reason for giving this valuable right to an unliquidated, disputed claim and denying it to one established by a judgment. In either instance, the formal steps required by the statute would have to be taken but that the right to take such steps and secure the benefit of the lien should be denied a diligent creditor who establishes the verity of his claim and should be accorded a creditor who is negligent in establishing his claim or whose claim may be largely unfounded, does not accord with our sense of justice. However, if the Missouri statute had clearly announced such purpose we would feel constrained to apply the law as we found it. We find no such requirement in these statutes. What we do find therein is the expressed purpose to protect any such character of indebtedness (liquidated or unliquidated) when the creditor complies with the formal requirements set out therein.

We think the order should be and, therefore, it is affirmed.